UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTEL VAN DYKE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendants. | ) |

_____

COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant Department of Justice ("DOJ") and its components Federal Bureau of Investigation ("FBI").

Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff Christel Van Dyke is a resident of Cook County, Illinois who has sought help from FBI agencies in Chicago, Lisle, and Orland Park, Illinois, within this district.

4. Defendant DOJ is a Department of the Executive Branch of the United States Government, and includes as a component entity the FBI. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

<u>Plaintiff's FOIA Requests and Defendants' Failure to Respond</u>

5. In March or April, 2017, plaintiff submitted a Freedom of Information Act ("FOIA") requests to defendants requesting video surveillance capturing plaintiff on each and every visit to the FBI offices at 2111 W. Roosevelt Rd., Chicago, IL 60608, since January 1, 2016, and for any watch lists maintained by the FBI on which Christel Van Dyke is or has been since January 1, 2016 (based on FBI personnel refusing her entry giving as the reason her name being on such a list).

6. On April 14, 2017, the FBI responded claiming "[w]e were unable to identify main file records responsive to the FOIA," and stating "pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists."

7. Plaintiff filed an appeal on April 27, 2017, and on July 20, 2018 requested further information regarding an adverse incident when she visited the FBI office at 4343 Commerce St., Lisle, IL 60532. Her appeal was denied on July 26, 2018 as being "overly broad."

8. Plaintiff appealed further requesting expedited review on October 19, 2018, and on October 24, 2018, FBI sent redacted notes detailing plaintiff's visits to the Chicago office in 2016, but maintained its denial regarding watch lists with her name on them, claiming the exemptions in 5 U.S.C. §§552/552a (b)(7)(E), (j)(2), and ignoring the request for surveillance tapes of when she was in the FBI offices in question.

9. On October 26, 2018, FBI acknowledged and assigned a new case number (DOJ-AP-2019-000477) to plaintiff's October appeal, and denied expedited review.

10. Plaintiff has since heard no result of the appeal, and in 2022 through 2024 has corresponded with FBI regarding the results, and FBI has merely responded regarding the denial of expedited review rather than regarding the substance of the appeal.

11. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to defendants.

12. Plaintiff's FOIA requests are not subject to the exemption in §§552 (b)(7)(c), which exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information… (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy…" This is because the watch lists plaintiff requests could have all other names besides her name redacted, and any surveillance video

involving her visits would have only herself, persons she requested to accompany her, and FBI personnel, and thus would not invade anyone's personal privacy.

13. Plaintiff's FOIA requests are not subject to the exemption in §§552a (j)(2), which exempts "material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals." This is because nothing in any of the surveillance video would reveal any details of criminal investigations which would hinder law enforcement efforts, and, being that plaintiff approached FBI due to being a victim of identity theft, she has the right to know why she is on a watch list and treated as a security risk, as such would aid in resolving her identity theft problem.

12. The FBI has wrongfully withheld the requested records from plaintiff.

## Requested Relief

WHEREFORE, plaintiff urges this Court:

A. To order defendants to disclose the requested records in their entireties and make copies available to plaintiff;

B. To provide for expeditious proceedings in this action;

C. To award plaintiff its costs and reasonable attorneys fees incurred in this action; and

D. To grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Christel Van Dyke, Plaintiff
By: /s/ Jason R. Craddock
Law Office of Jason R. Craddock
Post Office Box 702
Monee, IL 60449
(708) 964-4973
craddocklaw@icloud.com or cradlaw1970@gmail.com