UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTEL VAN DYKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 9734 |
| v. ) | |
| ) | Judge Ellis |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

**Introduction**

Plaintiff, Christel Van Dyke, claims the Federal Bureau of Investigation violated the Freedom of Information Act when it allegedly failed to properly respond to her FOIA request seeking records regarding any video surveillance of her at FBI's offices and "watch lists" containing her name. Her complaint should be dismissed because her claim is barred by the statute of limitations.

**Facts**

According to the complaint, in "March or April 2017" plaintiff Christel Van Dyke submitted a FOIA request to the FBI "requesting video surveillance capturing plaintiff on each and every visit to the FBI offices at 2111 W. Roosevelt Rd., Chicago, IL 60608, since January 1, 2016, and for any watch lists maintained by the FBI on which Christel Van Dyke is or has been since January 1, 2016 (based on FBI personnel refusing her entry giving as the reason her name being on such a list)." Cpl., ¶ 5, Dkt. 1. She claims that on "April 14, 2017," the FBI responded, claiming it was "unable to identify main file records responsive to the FOIA, and stating pursuant

to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists." *Id.*, ¶ 6.

Van Dyke appealed the denial "on April 27, 2017," and she claims her appeal was denied more than a year later, "on July 26, 2018, as being 'overly broad.'" *Id.*, ¶ 7; April 27, 2017, FOIA appeal tracking sheet, attached hereto as attachment 1.[1] According to Van Dyke, she exhausted her "applicable administrative remedies with respect to [her] FOIA request to defendants," though she does not allege when she exhausted those remedies. *Id.*, ¶ 11. On October 8, 2024, Van Dyke filed this complaint. Cpl., Dkt. 1.

**Argument**

**The Complaint Is Barred by the Statute of Limitations.**

Van Dyke's[2] complaint should be dismissed because her claims are barred by the applicable six-year statute of limitations. "Section 2401(a) of Title 28 of the United States Code provides that 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.'" *Kenney v. U.S. Dep't of Just.*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010) citing 28 U.S.C. § 2401(a). "This statute of limitations applies to FOIA suits." *Id.*, citing *Spannaus v. Dep't of Justice*, 824 F.2d 52, 55–56

---

[1] Documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

[2] Van Dyke is a frequent litigant in this court. *See Van Dyke v. JP Morgan Chase, et al.*, Case No. 22 C 6063 (N. D. Ill.), *Van Dyke v. Cook County Sheriff's Office, et al.*, Case No. 21 C 1448 (N. D. Ill.); *Van Dyke v. Village of Alsip, et al.*, Case No. 18 C 6112 (N. D. Ill.); *Van Dyke v. F.C.C., et al.*, Case No. 14 C 6418 (N. D. Ill.); *Van Dyke v. Illinois Dept. of Children and Family Services, et al.*, Case No. 13 C 5971 (N. D. Ill.).

(D.C.Cir.1987) overruled on other grounds by *Jackson v. Modly*, 949 F.3d 763, 765 (D.C. Cir. 2020); *Aftergood v. C.I.A.*, 225 F. Supp. 2d 27, 31 (D.D.C. 2002).; *Macklin v. United States*, 300 F.3d 814, 821 (7th Cir. 2002); *McClain v. U.S. Dep't of Just.*, 1999 WL 759505, at *4 (N.D. Ill. Sept. 1, 1999), aff'd, 17 F. App'x 471 (7th Cir. 2001).

"A FOIA claim accrues once the requester has exhausted his or her administrative remedies, either actually or constructively; only then can the requester institute and maintain a suit in court." *Kenney*, 700 F. Supp. 2d at 115. For constructive exhaustion, the "FOIA provides that if an agency does not respond to a request or to an appeal within the statutory time frame (twenty business days, unless the agency requests an extension), the requester is deemed to have constructively exhausted his or her remedies." *Kenney*, 700 F. Supp. 2d at 115, citing 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.")

The statute of limitations is "not tolled 'from the date [the cause of action] accrues until final administrative disposition.'" *Kenney*, 700 F. Supp. 2d at 115 quoting *Spannaus*, 824 F.2d at 60. Rather, once the plaintiff files her administrative appeal there are no further steps she can take in the administrative process, "regardless of any action or inaction by the agency," and therefore "there is no question" that she can file suit "upon the expiration of the statutory time period for [the agency] to respond" to her appeal. *Kenney*, 700 F. Supp. 2d at 117; *Alexander v. Fed. Aviation Admin.*, 2017 WL 11696369, at *2 (N.D. Ga. Sept. 25, 2017). In other words, when the agency *belatedly* responds to the plaintiff's appeal, the belated response "does not alter the accrual of Plaintiffs FOIA cause of action." *Id.* Therefore, *at the latest*, a plaintiff's cause of action accrues— and thereby starts the running of the statute of limitations—twenty business days after she files her

administrative appeal, regardless of whether the agency has ruled on that appeal. *Kenney*, 700 F. Supp. 2d at 116 citing *Spannaus*, 824 F.2d at 59 (a cause of action under the FOIA first accrues when a requester's administrative remedies are constructively exhausted).

Here, Van Dyke appealed the denial of her FOIA request on April 27, 2017. Cpl. ¶ 7; April 27, 2017, FOIA appeal tracking sheet, attached hereto as attachment 1. Therefore, at the *latest*, her claim accrued 20 business days later (May 25, 2017) and the statute of limitations therefore expired on her FOIA claim six years afterward on May 25, 2023. *Kenney*, 700 F. Supp. 2d at 116; *Hamilton Sec. Grp. Inc*, 106 F. Supp. 2d at 29. Accordingly, since Van Dyke waited until October 8, 2024, before filing suit (more than a year too late), her claim is barred by the six-year statute of limitations, and the complaint should be dismissed. Cpl., Dkt. 1; 28 U.S.C. § 2401(a); *McClain*, 1999 WL 759505, at *4 (N.D. Ill. Sept.1, 1999); *Jackson v. F.B.I.,* 2007 WL 2492069, at *7 (N.D. Ill. Aug. 28, 2007); *Kenney*, 700 F. Supp. 2d at 115–17; *Spannaus*, 824 F.2d. at 55; *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009) (Dismissal "is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.")

## Conclusion

For the foregoing reasons, this court should dismiss the complaint in its entirety.

                Respectfully submitted,

                ANDREW S. BOUTROS
                United States Attorney

              By: s/ Kurt N. Lindland
                KURT N. LINDLAND
                Assistant United States Attorney
                219 South Dearborn Street
                Chicago, Illinois 60604
                (312) 353-4163
                kurt.lindland@usdoj.gov